Jonas B. Jacobson (WSBA #62890)
jonas@dovel.com
Simon Franzini (WSBA #63689)
simon@dovel.com
Martin Brenner (Admitted *Pro Hac Vice*)
martin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069
*Counsel for Plaintiffs*
[Additional counsel on signature page]

The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LORI ANN PERRY and CASSANDRA MARTINSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>vs.<br><br>ROYAL CARIBBEAN CRUISES LTD. d/b/a ROYAL CARIBBEAN GROUP,<br><br>*Defendant*. | Case No. 2:26-cv-00004-JNW<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

## Table of Contents


I. Introduction. ....... 1

II. Parties. ....... 1

III. Jurisdiction and Venue. ....... 2

IV. Facts. ....... 2

A. Defendant sends emails with false and misleading subject lines advertising Royal Caribbean Products. ....... 2

B. Defendant knows when it sends emails to Washington residents. ....... 19

C. Defendant's emails injure consumers and are materially deceptive. ....... 20

D. Defendant's false and misleading emails to Plaintiffs and Class members violate CEMA and the CPA. ....... 23

V. Class action allegations. ....... 24

VI. Claims. ....... 26

Count 1: Violations of Washington's Commercial Electronic Mail Act ....... 26

Count 2: Violations of the Washington Consumer Protection Act via misleading emails ....... 27

VII. Jury Demand. ....... 29

VIII. Prayer for Relief. ....... 29




Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

## I. Introduction.

1. Deceptive marketing emails plague recipients' inboxes. To put an end to this, the Washington legislature enacted the Washington Commercial Electronic Mail Act ("CEMA"), RCW 19.190. CEMA prohibits any person from sending a commercial email with a false or misleading subject line. RCW 19.190.020.

2. Defendant Royal Caribbean Cruises Ltd. ("Defendant" or "Royal Caribbean") owns and operates several global cruise lines including Royal Caribbean cruises. Royal Caribbean markets and sells cruises, vacation packages, getaways, excursions, and other services ("Royal Caribbean Products" or "Products") online through the website www.royalcaribbean.com (the "Royal Caribbean Website").

3. Defendant regularly offers purported discounts on its Royal Caribbean Products. Defendant extensively advertises these purported discounts, including by sending commercial emails to Washington residents with subject lines promoting the discounts. For example, "Early access savings ENDS TOMORROW – Up to $750 OFF and more!"

4. Defendant's email subject lines, however, are false and misleading. The subject lines misrepresent when Defendant's purported sales end and the size of the discount available to recipients because of the purported sale. And so, Defendant violates CEMA (as well as Washington's Consumer Protection Act or "CPA"). *Brown v. Old Navy LLC*, 4 Wn.3d 580 (Wash. 2025).

5. Plaintiffs are Washington residents who received emails from Defendant with false and misleading subject lines promoting discounts for Royal Caribbean Products. Plaintiffs bring this case to protect Washington residents from Defendant's false and misleading emails about its purported discounts.

## II. Parties.

6. Plaintiff Lori Ann Perry is domiciled in Marysville, Washington.

7. Plaintiff Cassandra Martinson is domiciled in Bonney Lake, Washington.

8. The proposed Class includes citizens of Washington.

9. Defendant Royal Caribbean Cruises Ltd. is a Liberian corporation with its principal place of business at 1050 Caribbean Way, Miami, FL 33132.



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

## III. Jurisdiction and Venue.

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from Defendant.

11. This Court has personal jurisdiction over Defendant. Defendant advertises and sells its Products in Washington, and knowingly sends its marketing emails to Washington consumers. Plaintiffs' claims arise out of Defendant's contacts with this forum; specifically, Defendant's transmission of commercial electronic mail messages to Plaintiffs and other recipients in Washington.

12. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District. Plaintiffs received false and misleading commercial emails from Defendant while in this District. Venue is also proper under 28 U.S.C. § 1391(d) because Defendant would be subject to personal jurisdiction in this District if this District were a separate state. Additionally, venue is proper in this District under 28 U.S.C. § 1441(a) because Defendant removed this case from the Superior Court for the State of Washington, King County, and this is the judicial district that embraces that court.

## IV. Facts.

### A. Defendant sends emails with false and misleading subject lines advertising Royal Caribbean Products.

13. Royal Caribbean markets and sells Royal Caribbean Products.

14. Royal Caribbean regularly advertises its Royal Caribbean Products through emails sent to recipients on Royal Caribbean's mailing list. In those email advertisements, Defendant advertises purported discounts on those Products.

15. When Royal Caribbean sends these emails, the emails have subject lines that are false and misleading in multiple ways.

16. First, Royal Caribbean's email subject lines often state that Defendant's discounts are limited-duration or end soon (typically on a particular date).



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

17. One way Defendant's subject lines do this is by including terms or phrases like "ENDS TONIGHT," "ENDS TOMORROW," or "Last day." To reasonable consumers, these statements convey that the advertised discount is only available for a limited period and that, after the period ends (i.e. after "TONIGHT"), the Royal Caribbean Products will go back to retailing at the full price to which the advertised discount (such as "$800 OFF") is supposedly applied. But in reality, after the specified time period, Defendant either extends the supposedly "Last day" sale, or replaces it with a materially similar sale offering materially similar discounts on the Royal Caribbean Products. So email subject lines that contain these false statements about expiration are false and misleading, because they convey that the discounts will end and the Products will return to full price unless the consumer buys them before they are supposed to expire, when in reality the Royal Caribbean Products continue to be available at a heavily discounted price after the discounts are supposed to expire.

18. Another way Defendant's email subject lines state that its discounts are limited in time or end soon is by stating that a sale is going on in connection with a particular event (for example, a "Black Friday" sale). To reasonable consumers, this means that a discount is available on the Products for a limited time around the event in question that allows them to purchase Products at a lower-than-usual price; and that once the event is over, the discount will end and the Products will return to retailing at the "full" price to which the supposed discount is applied. But again, after the supposedly special event ends, Defendant either extends the special event sale, or replaces it with a materially similar sale offering materially similar discounts on the Royal Caribbean Products. So email subject lines that advertise discounts connected to special events are false and misleading, because they convey that the discount will end and the Products will return to full price unless the consumer buys them before the special event ends, when in reality the Royal Caribbean Products continue to be available at a heavily discounted price.

19. Second, Royal Caribbean's email subject lines state that the recipient will save money (for example, "savings" or "save BIG") if the recipient buys during a specified timeframe. Often, the emails specify a particular dollar amount—for example, "up to $750 OFF." To reasonable consumers, this conveys that if they buy during the sale, they will receive a discount and save money—in the amount



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

specified, if an amount is specified—off the Royal Caribbean Products' regular prices, i.e., the price at which Royal Caribbean typically sells Royal Caribbean Products, sold the Royal Caribbean Products at before the promotion started, and will sell the Royal Caribbean Products at again when the promotion ends. But because Royal Caribbean almost always offers significant discounts on its Royal Caribbean Products, consumers who buy during the supposed sale do not receive the discount or savings they are promised, much less in the amount specified when it is specified. In other words, based on Royal Caribbean's email subject lines, reasonable recipients believe that if they buy during a sale, then they will receive a real discount and real savings off of the Royal Caribbean Products' true regular prices, but in fact what they receive is a nominal discount off of fictitious, inflated prices at which Royal Caribbean Products are rarely, if ever, sold. So these email subject lines are false and misleading for this reason too.

20. Royal Caribbean routinely sends these kinds of deceptive emails to Plaintiffs and other Class members (defined below), and has done so throughout the statute of limitations period. Below are examples of Royal Caribbean's deceptive email subject lines.

21. On November 11, 2024, Royal Caribbean sent a commercial email to Plaintiff Perry and other Class members with the subject line, "Early Black Friday savings END TONIGHT! Enjoy up to $750 OFF future getaways."

| | |
|---|---|
| **From:** | Royal Caribbean |
| **To:** | [redacted]. |
| **Subject:** | Early Black Friday savings END TONIGHT! Enjoy up to $750 OFF future getaways |
| **Date:** | Monday, November 11, 2024 8:25:33 AM |

22. Based on the subject line, reasonable recipients of the November 11, 2024, email believed that if they purchased during the sale, they would receive a special discount off of the regular and former prices of Royal Caribbean Products, in the amount specified ("up to $750 OFF"). They also believed that Royal Caribbean was offering a limited time sale that was ending "tonight," i.e., that after the night of November 11, 2024, customers would no longer be able to receive "Up to $750 off." And they believed that, if customers were to wait past "tonight," that the sale would end, the opportunity to receive a discount on the Royal Caribbean Products would be over, and the Royal Caribbean Products'

prices would return to their regular prices (the prices to which the $750 off was being applied during the promotion).

23. None of this, however, was true. Just three days later on November 14, 2024, Royal Caribbean sent another commercial email to Plaintiff Perry and other Class members stating in the subject line "Early Black Friday access ENDS TONIGHT! Score up to $750 OFF amazing itineraries."

| | |
|---|---|
| **From:** | Royal Caribbean |
| **To:** | [redacted]. |
| **Subject:** | Early Black Friday access ENDS TONIGHT! Score up to $750 OFF amazing itineraries |
| **Date:** | Thursday, November 14, 2024 10:10:50 AM |

24. This email shows that the November 11, 2024 email subject line was false. The exact same sale that was supposedly ending the night of November 11, 2024, did not end that night. Instead, it continued until at least November 14, 2024.

25. Worse, the "Early Black Friday" sale did not end on November 14, either. On November 17, 2024, Royal Caribbean sent yet another email advertising the same sale, this time advertising that it supposedly ended "tomorrow" (November 18): "Early access savings ENDS TOMORROW – Up to $750 OFF and more!" This November 17 email shows that the November 14 email (and also the November 11 email) was false, because the same discount was still available days after it was purported to end.

| | |
|---|---|
| **From:** | Royal Caribbean |
| **To:** | [redacted]. |
| **Subject:** | Early access savings ENDS TOMORROW - Up to $750 OFF and more! |
| **Date:** | Sunday, November 17, 2024 8:47:06 AM |

26. This November 17 subject line was false, too. The Royal Caribbean Website shows that this same "Black Friday Early Access" deal—with the same name and terms—was available until at least November 22, 2024—almost two weeks after its purported expiration date according to the November 11 email.



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

27. The sale didn't really end on November 22, 2024, either. Instead, the sale changed names—to a "Black Friday Beat the Rush" sale—but the terms stayed the same: "UP TO $750 OFF," until at least November 27, 2024.




*Captured November 22, 2024*




*Captured November 27, 2024*

28. The deception didn't end there. On November 29, 2024, Royal Caribbean sent yet another email advertising a materially similar (actually even better) sale, telling recipients to "Book now or live with FOMO – up to $800 OFF ENDS TONIGHT."

**From:** Royal Caribbean
**To:** [redacted].
**Subject:** Book now or live with FOMO - up to $800 OFF ENDS TONIGHT
**Date:** Friday, November 29, 2024 8:51:36 AM

29. Any "FOMO," however, would have been unwarranted. Yet again, the purported promotion did not "END[] TONIGHT." In fact, Royal Caribbean sent another email advertising the same "$800 OFF your next vacay" four days later on December 2, 2024.

**From:** Royal Caribbean
**To:** [redacted].
**Subject:** The Cyber Monday savings you've been manifesting Up to $800 OFF your next vacay!
**Date:** Monday, December 2, 2024 8:52:45 AM

30. To summarize: on November 11, Royal Caribbean told Plaintiff Perry and Class members that they had a special chance to save $750, tied to an "Early Black Friday" savings event that


Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

ended on November 11. But the chance to save did not end on November 11. Nor did it end on November 14, or November 17, or any of the other days that Royal Caribbean represented it would end in additional deceptive emails. Instead, the same purported sale was available for weeks after Royal Caribbean told customers it would expire. And after that, it was replaced with an even better sale that lasted for several weeks more. Throughout the sale, Royal Caribbean sent emails with subject lines stating that the sale would end the same day the email was sent, or the day after. But the sale didn't end on those days. So the subject lines of these emails were false and misleading because they misrepresented the purported expiration of Defendant's purported discount.

31. The November/December 2024 sale described above was not a one-off occurrence. Royal Caribbean sent many similar misleading emails to Plaintiffs and the Class, throughout the statute of limitations period. As another example, on March 14, 2024, Royal Caribbean sent Plaintiff Perry an email with the subject line "ENDS TOMORROW – Check out these WOW-worthy vacay deals" advertising up to $700 onboard credit, plus 60% off a second guest, plus kids sail free. But this promotion did not in fact end "tomorrow" when Royal Caribbean said it would. After the March 14, 2024, email, recipients could continue to receive a materially identical "Up to $700 off + 60% Off Second Guest + Kids Sail Free" offer until at least March 17, 2024.



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

**From:** Royal Caribbean
**To:** [redacted].
**Subject:** ENDS TOMORROW – Check out these WOW-worthy vacay deals
**Date:** Thursday, March 14, 2024 8:24:07 AM

HUGE savings inside
Browser View

PLAN A CRUISE | CRUISE DEALS






*Captured March 17, 2024*

32. Plaintiff Martinson received emails from Royal Caribbean with similarly false and misleading subject lines.

33. On August 14, 2025, Royal Caribbean sent a commercial email to Plaintiff Martinson and other Class members with the subject line, "ENDS TONIGHT: Up to $800 OFF your cruise!"

| | |
|---|---|
| **From:** | Royal Caribbean |
| **To:** | [redacted]. |
| **Subject:** | ENDS TONIGHT: Up to $800 OFF your cruise! |
| **Date:** | Thursday, August 14, 2025 11:19:33 AM |

34. Based on the subject line, reasonable recipients of the August 14, 2025, email believed that if they purchased during the sale, they would receive a special discount off of the regular and former prices of Royal Caribbean Products, in the amount specified ("Up to $800 OFF"). They also believed that Royal Caribbean was offering a limited time sale that was ending "TONIGHT," i.e., that after the night of August 14, 2025, customers would no longer be able to receive "Up to $800 OFF." And they believed that, if customers were to wait past "TONIGHT," that the sale would end, the opportunity to receive a discount on the Royal Caribbean Products would be over, and the Royal Caribbean Products' prices would return to their regular prices (the prices to which the $800 off was being applied during the promotion).

35. Consistent with the other promotions discussed above, however, none of this was true. The next day, August 15, 2025, Royal Caribbean sent another commercial email to Plaintiff Martinson and other Class members advertising a better sale: up to $850 off. This August 15 email falsifies the August 14 "ENDS TONIGHT" subject line discussed above.

**From:** Royal Caribbean
**To:** [redacted].
**Subject:** Your ultimate guide to Utopia of the Seas
**Date:** Friday, August 15, 2025 1:14:27 PM

PLAN A CRUISE CRUISE DEALS




Everything your family needs for the boldest weekend ever is onboard *Utopia of the Seas*® — now sailing from Port Canaveral. Make a splash with 18 slides onboard and onshore at the award-winning private island Perfect Day at CocoCay. Satisfy every craving at over 20 dining destinations. And experience mind-blowing entertainment across stage, ice, air and water. Check out our four favorite ways to max out the memories — not the PTO.






Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

36. The same thing happened the next week. On August 21, 2025, Royal Caribbean sent an email to Plaintiff Martinson and other Class members with the subject line "ENDS TONIGHT! Up to $850 OFF + bonus vacay deals."

**From:** Royal Caribbean
**To:** [redacted].
**Subject:** ENDS TONIGHT! Up to $850 OFF + bonus vacay deals
**Date:** Thursday, August 21, 2025 12:38:27 PM

37. But the very next day, August 22, 2025, Royal Caribbean offered a "new" promotion that provided "up to $900" in "instant savings," again replacing a sale that purportedly ended with a new promotion with materially similar (and better) terms.

www.RoyalCaribbean.com . Icon Class Kicker applies to new, individual, and named group bookings at prevailing rates made 8/20 - 8/27/25, on all Icon Class ships including Legend of the Seas sailings departing on or after 8/21/25 and provides up to $100 in instant savings, varying by stateroom category booked and sailing length. Go for Bold applies to new, individual, and named group bookings at prevailing rates made between 8/22 - 8/25/25 on sailings departing on or after 8/23/25 and provides an up to $900 instant savings per stateroom varying by stateroom category booked and sailing length. Instant savings amount shown in USD and will be converted to currency used for cruise purchase applied as instant rebate to the cruise fare at checkout reflected as "Dollars Off" or "Savings". Offer open to residents of US, Canada, Puerto Rico and select countries in the Caribbean. Changes to the booking may result in the removal of the

*Captured August 23, 2025*[1]

38. Royal Caribbean has continued this pattern to the present. On September 8, 2025, it sent Plaintiff Martinson and Class members an email subject line stating that an "Up to $800 OFF + bonus perks" promotion "ENDS TONIGHT!" The next day it offered a new promotion for "Up to $750 OFF"—which is confirmed in an email subject line sent to Plaintiff Martinson on September 11, 2025. On September 17, 2025, Defendant sent an email subject line warning recipients that "up to $750 off – ENDS TONIGHT!" By September 19, 2025, Royal Caribbean had already sent Plaintiff Martinson and other Class members an email advertising "up to $800 OFF + $100 bonus savings!" On December 22, 2025, Defendant sent an email saying that an "Up to $850 OFF" "ENDS TONIGHT"—but the email it sent the next day on December 23, 2025, advertised an "Up to $800" off promotion. The same thing happened in March 2026, with a March 12 email saying that an up to $850 deal "end[s] tonight" followed immediately by a March 13 email advertising up to $900 off. These are just a handful of examples of false and misleading email subject lines sent by Royal Caribbean to Plaintiffs Perry and Martinson and other Class members.

[1] Plaintiffs' counsel added the highlighting in yellow for clarity.

**From:** Royal Caribbean
**To:** [redacted].
**Subject:** ENDS TONIGHT! Up to $800 OFF + bonus perks! ⏳
**Date:** Monday, September 8, 2025 1:33:17 PM

*Captured September 8, 2025*

**From:** Royal Caribbean
**To:** [redacted].
**Subject:** Vacay for way less – up to $750 OFF + 30% off cruise extras!
**Date:** Thursday, September 11, 2025 9:33:49 AM

*Captured September 11, 2025*

**From:** Royal Caribbean
**To:** [redacted].
**Subject:** Sun, fun, and up to $750 OFF – ENDS TONIGHT!
**Date:** Wednesday, September 17, 2025 12:14:59 PM

*Captured September 17, 2025*

**From:** Royal Caribbean
**To:** [redacted].
**Subject:** Pack light, save BIG – up to $800 OFF + $100 bonus savings!
**Date:** Friday, September 19, 2025 10:08:38 AM

*Captured September 19, 2025*

**From:** Royal Caribbean
**To:** [redacted].
**Subject:** Up to $850 OFF + exclusive perks on Alaska & California escapes ENDS TONIGHT
**Date:** Monday, December 22, 2025 8:25:21 AM

*Captured December 22, 2025*




*Captured December 23, 2025*

**From:** Royal Caribbean
**To:** [redacted]
**Subject:** Your summer adventure is waiting – deals end tonight!
**Date:** Thursday, March 12, 2026 9:36:14 AM

PLAN A CRUISE CRUISE DEALS




*Captured March 12, 2026*

**From:** Royal Caribbean
**To:** [redacted]
**Subject:** Leveled Up for a European Summer
**Date:** Friday, March 13, 2026 12:28:59 PM

Save big on brag-worthy vacays
Browser View

PLAN A CRUISE CRUISE DEALS




*Captured March 13, 2026*

39. In short: Royal Caribbean sent Plaintiffs and Class members emails with subject lines falsely conveying that sales were about to end, and that recipients would save a specified amount of money by buying now, when in fact the sales weren't about to end, and recipients could continue to receive supposed discounts in the amount specified even after the supposed end date of the sale. Royal Caribbean's email subject lines were false and misleading for these reasons.

40. Those same email subject lines are false and misleading for an additional reason: that the amount of savings they advertise is false and misleading, and often did not represent any savings at all off of Royal Caribbean's regular prices. As just described, the email subject lines Royal Caribbean sent to Plaintiffs and Class members promised savings in a specific amount—for example, "up to $750 OFF"—if the recipient bought during the supposedly time limited sale. Based on this, Plaintiffs and other reasonable consumers reading would understand that if they bought during the supposed sale, they would receive discounts and savings in the amount specified off of Royal Caribbean's regular and typical prices. But in truth, Royal Caribbean always, or almost always, offers substantial discounts off the purported list prices for its Royal Caribbean Products. As a result, email recipients who bought during the sale did not get a true discount off of Royal Caribbean's regular prices in the amount specified. Because Royal Caribbean always or almost always offers steep discounts off the supposed list prices to which the advertised discounts are applied, email recipients who bought during the supposed sale got no discount off of regular prices, or a much smaller one than advertised.

41. To confirm that Royal Caribbean rarely if ever sells Royal Caribbean Products at the list prices to which the supposed discounts are applied, and instead regularly sells them at deeply discounted prices, Plaintiffs' counsel performed an investigation of Royal Caribbean's advertising practices using the Internet Archive's Wayback Machine (archive.org).[2] This investigation revealed that, for each month from July 2021 to May 2026, Royal Caribbean consistently offered steep discounts on its Royal Caribbean Products.

| Date of Website Capture | Sale |
|---|---|
| July 2, 2021 | 60% Off Second Guest +Up to $150 Off |

[2] The Internet Archive, available at archive.org, is a library that archives web pages. https://archive.org/about/.

| | |
|---|---|
| August 4, 2021 | 60% Off Second Guest +Up to $150 Off |
| September 10, 2021 | Up to $350 Off + 60% Off Second Guest |
| October 6, 2021 | 30% Off All Guests + Up to $150 Off |
| November 19, 2021 | 30% Off All Guests + Up to $150 Off |
| December 20, 2021 | Up to $350 Off + 30% Off All Guests |
| January 22, 2022 | Up to $550 Off + 30% Off All Guests |
| February 20, 2022 | Up to $550 Off + 30% Off All Guests |
| March 31, 2022 | Up to $550 Off + 30% Off All Guests + Kids Sail Free |
| April 30, 2022 | Up to $550 Off + 30% Off All Guests + Kids Sail Free |
| May 31, 2022 | Up to $550 Off + 30% Off All Guests + Kids Sail Free |
| June 27, 2022 | Up to $550 Off + 30% Off All Guests + Kids Sail Free |
| July 28, 2022 | Up to $550 Off + 30% Off All Guests + Kids Sail Free |
| August 24, 2022 | Up to $550 Off + 30% Off All Guests + Kids Sail Free |
| September 26, 2022 | Up to $550 Off + 30% Off All Guests |
| October 29, 2022 | Up to $550 Off + 30% Off All Guests + Kids Sail Free |
| November 29, 2022 | Up to $600 Off + 30% Off All Cruises + Kids Sail Free |
| December 30, 2022 | 30% Off All Cruises |
| January 24, 2023 | Up to $550 Off + 30% Off All Cruises + Kids Sail Free |
| February 25, 2023 | Up to $650 Off + 30% Off All Cruises + Kids Sail Free |
| March 24, 2023 | Up to $650 Off + 30% Off All Cruises + Kids Sail Free |
| April 29, 2023 | Up to $650 Off + 30% Off All Cruises + Kids Sail Free |
| May 22, 2023 | Up to $650 Off + 30% Off All Cruises + Kids Sail Free |
| June 28, 2023 | Up to $650 Off + 30% Off All Cruises + Kids Sail Free |
| July 25, 2023 | 30% Off All Cruises + Up to $150 Off + Kids Sail Free |
| August 23, 2023 | Up to $650 Off + 30% Off All Cruises + Kids Sail Free |
| September 21, 2023 | Up to $650 Off + 30% Off All Cruises + Kids Sail Free |
| October 21, 2023 | Up to $650 Off + 30% Off All Cruises + Kids Sail Free |
| November 23, 2023 | Up to $750 Off + 30% Off All Cruises + Kids Sail Free |
| December 22, 2023 | Up to $650 Off + 30% Off All Cruises + Kids Sail Free |
| January 29, 2024 | Up to $700 Off + 60% Off Second Guest + Kids Sail Free |
| February 21, 2024 | Up to $600 Off + 60% Off Second Guest + Kids Sail Free |
| March 21, 2024 | Up to $600 Onboard Credit + 60% Off Second Guest + Kids Sail Free |
| April 22, 2024 | Up to $700 Off + 60% Off Second Guest + Kids Sail Free |
| May 21, 2024 | Up to $475 Off Caribbean Cruises |
| June 14, 2024 | Up to $650 Off |
| July 21, 2024 | Up to $500 Off |
| August 28, 2024 | Up to $500 Off |
| September 18, 2024 | Up to $500 Off |
| October 28, 2024 | Up to $600 Off |
| November 22, 2024 | Up to $750 Off |
| December 23, 2024 | Up to $600 Off |
| January 11, 2025 | Up to $800 Off |
| February 15, 2025 | Up to $800 Off |
| March 25, 2025 | Up to $800 Off |
| April 29, 2025 | Up to $800 Off + Up to $200 Onboard Credit on Star & Icon Cruises |
| May 27, 2025 | Up to $800 Off + Up to $200 Onboard Credit on Star & Icon Cruises |



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

| | |
|---|---|
| June 30, 2025 | Up to $850 Off + 3rd & 4th Guests Sail Free + Up to 40% Off Onboard Extras |
| July 22, 2025 | Up to $750 Off + Up to $50 Bonus Savings on Short Caribbean Cruises |
| August 9, 2025 | Up to $850 Off + 3rd & 4th Guests Sail Free + Up to 40% Off Onboard Extras |
| September 8, 2025 | Up to $800 Off + Up to $100 Onboard Credit + Up to 30% Off Cruise Extras |
| October 6, 2025 | Cruises from $249 + 3rd & 4th Guests Sail Free |
| November 7, 2025 | Up to $1000 Off + 3rd & 4th Guests Sail Free |
| December 8, 2025 | Up to $900 Off + 3rd & 4th Guests Sail Free |
| January 6, 2026 | Up to $1000 Off + 3rd & 4th Guests Sail Free + Up to 40% Off Onboard Extras |
| February 4, 2026 | Up to $850 Off |
| March 10, 2026 | Up to $850 Off + Up to $50 Bonus on all Short Getaways + Up to 30% Off Onboard Extras |
| April 15, 2026 | Up to $850 Off + 3rd and 4th Guests Sail Free + Up to $100 Off 2026 Sailings |
| May 8, 2026 | Up to $900 Off + 3rd and 4th Guests Sail Free + Up to $50 Off Summer Getaways |

42. In short, based on Royal Caribbean's email subject lines, reasonable recipients believe that if they buy during a sale, then they will receive a real discount off of the true regular prices for the Royal Caribbean Products. But in fact, what they receive is a discount off of fictitious, inflated prices at which Royal Caribbean Products are rarely, if ever, sold. So these email subject lines are false and misleading for this second reason, too.

43. Royal Caribbean sent many false and/or misleading emails to Plaintiffs and Class members during the statute of limitations period. These include at least the following emails with false and misleading subject lines advertising purportedly time limited sales with purported upcoming expiration dates, while those sales were near permanent, continued beyond the advertised end date, and were not true sales off of Defendant's regular prices at all. Discovery will reveal additional commercial emails with false or deceptive subject lines that Royal Caribbean has sent to Class members.

| **Email Date** | **Subject Line** | **Purported Sale** |
|---|---|---|
| 1/26/2024 | *ENDS TONIGHT* Level up your vacay plans with BOLD deals and onboard credit | Up to $600 onboard credit + 60% off second guest + Kids sail free |
| 1/31/2024 | LAST CHANCE: There's still time to go all out on your next vacay | Up to $600 off + 60% off second guest + Kids sail free |
| 2/7/2024 | ENDS TONIGHT: Put adventure back on your travel radar with these BOLD savings | Up to $600 off + 60% off second guest + Kids sail free |



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

| | | |
|---|---|---|
| 3/3/2024 | [ENDS TOMORROW] This awesome deal won't be here for long! | Up to $700 off + 60% off second guest + Kids sail free |
| 3/14/2024 | ENDS TOMORROW – Check out these WOW-worthy vacay deals | Up to $700 onboard credit + 60% off second guest + Kids sail free |
| 4/22/2024 | *ENDS TONIGHT* Don't miss your chance to book your next getaway | Up to $700 off + 60% off second guest + Kids sail free |
| 11/11/2024 | Early Black Friday savings END TONIGHT! Enjoy up to $750 OFF future getaways | Up to $750 off |
| 11/14/2024 | Early Black Friday access ENDS TONIGHT! Score up to $750 OFF amazing itineraries | Up to $750 off |
| 11/17/2024 | Early access savings ENDS TOMORROW - Up to $750 OFF and more! | Up to $750 off + Kids sail free |
| 11/29/2024 | Book now or live with FOMO - up to $800 OFF ENDS TONIGHT | Up to $800 off |
| 12/2/2024 | The Cyber Monday savings you've been manifesting ✨ Up to $800 OFF your next vacay! | Up to $800 off |
| 12/6/2024 | This deal? Chef's kiss 👌 Up to $750 OFF Cyber Monday savings have been EXTENDED | Up to $750 off + Kids sail free |
| 12/9/2024 | Secure the vacay bag 💼 Cyber Monday = Up to $750 OFF + more ENDS TONIGHT | Up to $750 off + Kids sail free |
| 8/14/2025 | 🚨 ENDS TONIGHT: Up to $800 OFF your cruise! | Up to $800 off + 3rd and 4th guests sail free + up to 40% off onboard extras |
| 8/21/2025 | 🚨 ENDS TONIGHT! Up to $850 OFF + bonus vacay deals | Up to $850 off + up to $100 bonus savings on Star & Icon |
| 9/8/2025 | ENDS TONIGHT! Up to $800 OFF + bonus perks! ⏳ | Up to $800 off + $100 onboard credit + up to 30% off cruise extras |
| 9/17/2025 | ☀️ Sun, fun, and up to $750 OFF – ENDS TONIGHT! | Up to $750 off |
| 10/1/2025 | 🚨 Last Chance Mega Sale ends TOMORROW – 2025 cruises from $249 | Cruises from $249 + 3rd and 4th guests sail free |
| 10/2/2025 | 🚨 ENDS TONIGHT– Last Chance Mega Sale cruises from $249 | Cruises from $249 + 3rd and 4th guests sail free |
| 11/30/2025 | Don't miss on saving up to $1000 OFF – Black Friday ENDS TONIGHT | Up to $1000 off + 3rd and 4th guests sail free + up to 50% off cruise extras |
| 12/1/2025 | 💥 FINAL HOURS – up to $1000 OFF in Cyber Monday deals! | Up to $1000 off + 3rd and 4th guests sail free + up to 50% off cruise extras |
| 12/4/2025 | 🚨 LAST CHANCE: Cyber Sale savings up to $950 off ENDS TONIGHT | Up to $950 off + 3rd and 4th guests sail free |
| 12/5/2025 | FINAL HOURS: Cyber Sale savings up to $900 OFF are almost gone! | Up to $900 off + 3rd and 4th guests sail free + up to 50% off cruise extras |



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

| | | |
|---|---|---|
| 12/22/2025 | 💥 Up to $850 OFF + exclusive perks on Alaska & California escapes ENDS TONIGHT | Up to $850 off + up to 30% off cruise extras |
| 3/9/2026 | HURRY! One last chance before the savings are all gone! | Up to $800 off + 3rd and 4th guests sail free + up to $50 off short cruises |
| 3/12/2026 | Your summer adventure is waiting – deals end tonight! ⏰ | Up to $850 off + up to $50 off short cruises |

**B. Defendant knows when it sends emails to Washington residents.**

44. Royal Caribbean knows or has reason to know that it sends its emails containing false and misleading subject lines to Washington residents.

45. A sophisticated commercial enterprise, like Royal Caribbean, which is engaged in persistent marketing through mass email campaigns, has several ways of knowing where the recipients of its marketing emails are located. The means Royal Caribbean uses are particularly within its knowledge.

46. First, the sheer volume of email marketing that Royal Caribbean engages in put it on notice that Washington residents would receive its emails.

47. Second, Royal Caribbean obtains location information tied to email addresses when consumers make purchases from Royal Caribbean through digital platforms, including the Royal Caribbean Website, or otherwise self-report such information to Royal Caribbean. For example, Washington customers supply Royal Caribbean with their billing addresses when they make a purchase.

48. Third, Royal Caribbean likely obtains location information tied to email addresses by tracking the IP addresses of devices used to open its emails, which in turn can be correlated to physical location (as illustrated, for example, by the website https://whatismyipaddress.com/). Similarly, Royal Caribbean likely uses email marketing software platforms to manage its email marketing campaigns. These types of platforms allow Royal Caribbean to identify anyone who receives its marketing emails, determine who opens them, and track who clicks on any links within them.

49. Fourth, Royal Caribbean may obtain location information tied to email addresses by purchasing consumer data from commercial data brokers such as Acxiom, Oracle, and Equifax, which sell access to databases linking email addresses to physical locations, among other identifiers.



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

50. Fifth, Royal Caribbean may obtain location information tied to email addresses by using "identity resolution" services offered by companies, such as LiveRamp, which can connect consumers' email addresses to their physical locations, among other identifiers.

51. Sixth, Royal Caribbean may obtain information that the recipients of its marketing emails are Washington residents because the information is available, upon request, from the registrant of the Internet domain names contained in the recipients' email addresses. *See* RCW 19.190.020(2).

**C. Defendant's emails injure consumers and are materially deceptive.**

52. Royal Caribbean's false and misleading emails result in actual and substantial injury to Plaintiffs. These emails violate Plaintiffs' statutory right not to receive commercial emails that contain false or misleading subject lines, which the legislature has deemed to be a "matter[] vitally affecting the public interest." RCW 19.190.030(3). Violation of a right that vitally affects the public interest results in actual and substantial harm to Plaintiffs and putative Class members.

53. Defendant's false and misleading emails also clog up Plaintiffs' and putative Class members' email inboxes with spam emails, waste their limited data space, and invade their privacy.

54. In addition, the Supreme Court of Washington has made clear: "[A]ll Internet users … bear the cost of deceptive spam." *State v. Heckel*, 143 Wn. 2d 824, 835 (2001) (en banc).

55. CEMA protects Washington consumers against the "harms resulting from deceptive commercial e-mails," which "resemble the type of harms remedied by nuisance or fraud actions." *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1008 (W.D. Wash. 2019). CEMA's "truthfulness requirements" increase the costs of sending deceptive commercial emails and thereby reduce their volume. *Heckel*, 143 Wn. 2d at 836.

56. Defendant's email subject lines are also deceptive and material to reasonable consumers.

57. Consumers care about receiving discounts. Receiving a good deal – a discount – is important to consumers, and material to consumer purchasing decisions regarding the Royal Caribbean Products.

58. Discounts drive purchases. Consumers are more likely to buy a product when they think they are getting a good deal. They are also willing to pay more for products, if they believe the product is worth more than they are paying, and that they are getting a substantial discount.

59. Research confirms that discounts are important to consumers. "Nearly two-thirds of consumers surveyed admitted that a promotion or a coupon often closes the deal, if they are wavering or are undecided on making a purchase."[3] And, "two-thirds of consumers have made a purchase they weren't originally planning to make solely based on finding a coupon or discount," while "80% [of consumers] said they feel encouraged to make a first-time purchase with a brand that is new to them if they found an offer or discount."[4]

60. Similarly, when consumers believe that an offer is expiring soon, the sense of urgency makes them more likely to buy a product.[5, 6] That a discount is ending soon is important to reasonable consumers' purchasing decisions.

61. The FTC has identified the "False Limited Time Message" as one example of false time scarcity claims, in which the marketer creates "pressure to buy immediately by saying the offer is good only for a limited time or that the deal ends soon—but without a deadline or with a meaningless deadline that just resets when reached."[7]

---

[3] Invesp, How Discounts Affect Online Consumer Buying Behavior (https://www.invespcro.com/blog/how-discounts-affect-online-consumer-buying-behavior/) (last accessed May 21, 2026).

[4] RetailMeNot Survey: Deals and Promotional Offers Drive Incremental Purchases Online, Especially Among Millennial Buyers (https://www.prnewswire.com/news-releases/retailmenot-survey-deals-and-promotional-offers-drive-incremental-purchases-online-especially-among-millennial-buyers-300635775.html) (last accessed May 21, 2026).

[5] CXL, Creating Urgency, (https://cxl.com/blog/creating-urgency/) (last accessed May 21, 2026) (increasing urgency by advertising limited time nature of promotion increased conversion rates nearly 300%).

[6] Adestra, Dynamic email content leads to 400% increase in conversions for Black Friday email (https://uplandsoftware.com/adestra/resources/success-story/dynamic-email-content-leads-to-400-increase-in-conversions-for-black-friday-email/) (last accessed May 21, 2026) (400% higher conversation rate for ad that increased urgency via countdown timer).

[7] *Bringing Dark Patterns to Light* (2022), at p. 22 (https://perma.cc/847M-EY69/) (last accessed May 21, 2026).

62. These types of false scarcity claims are psychologically effective. As "considerable evidence" suggests, "consumers react to scarcity and divert their attention to information where they might miss opportunities."[8]

63. Under this false time pressure, "consumers might take up an offer to minimise the uncertainty of passing it up."[9]

64. Indeed, one 2019 study found that "customers who took timed deals rather than waiting to see wider options ended up worse off than those who waited."[10]

65. Royal Caribbean sends these emails for the purpose of promoting its Products and to drive sales. By misrepresenting the duration, reason, and amount of its supposed discounts, Royal Caribbean creates a false sense of urgency. And Royal Caribbean compounds this sense of urgency by accompanying the promise of deals with statements like "ENDS TONIGHT" and "Book now or live with FOMO." And these tactics work. When a reasonable consumer sees Royal Caribbean's email subject lines saying that the discount will end imminently, they expect that if they miss the sale, the discount will not be available again soon. So if they act now, they can purchase a higher value Royal Caribbean Product at a limited-time discount. If they wait, then the discount will expire and they will have to pay the former or regular price. Reasonable consumers do not expect that the sale will be extended or that a materially similar sale will quickly replace it. This creates a false sense of urgency to buy that drives sales and profits.

66. Similarly, when a reasonable consumer receives an email subject line advertising a substantial discount, they believe they are getting a discount off Defendant's regular and former prices. They do not expect that the supposedly discounted price is really the regular price. This misleading sense of value drives sales and profits.

67. This is why Royal Caribbean sends these emails. Defendant's email subject lines make Washington consumers more likely to open the emails, read the emails, buy the Products quickly, and be

---

[8] *Online Choice Architecture- How Digital Design Can Harm Competition and Consumers* (2022), at p. 26 (https://perma.cc/V848-7TVV/) (last accessed May 21, 2026).

[9] *Id.*

[10] *Id.* at p. 27.



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

willing to pay more for the Products. This increases demand, drives sales, allows Defendant to sell more Products than it otherwise could, and allows Defendant to charge more than it otherwise could.

68. Royal Caribbean knows what sales it is offering on its Royal Caribbean Products; knows that they will not end when its emails say they will, and instead will continue indefinitely; and knows that the advertised discount amounts in the email subject lines are false and misleading because, in truth, Royal Caribbean almost always offers sales.

69. Plaintiffs were not, and putative Class members are not, aware that Royal Caribbean's email subject lines are false and misleading. Reasonable consumers are not monitoring the Royal Caribbean Website and Royal Caribbean's emails and tracking the sales available every day for months or years to determine whether or not the sales and end dates are real, and whether or not the email subject lines promoting those sales are true.

70. Plaintiffs do not want to receive emails with false and misleading subject lines from Royal Caribbean, though they would like to continue to receive and rely on truthful information from Defendant regarding its Products. Due to Defendant's conduct, Plaintiffs cannot tell which emails from Defendant contain truthful information and which emails are spam with false and misleading subject lines designed to spur them into making a purchase. So without a court order requiring Defendant to only send honest emails about its sales, Plaintiffs cannot rely on the emails they receive from Defendant.

71. Plaintiffs seek an injunction. Plaintiffs are permitted to seek an injunction because they have no adequate remedy at law. Legal remedies here are not adequate because they would not stop Defendant from continuing to transmit emails with false or misleading subject lines to Washington residents.

### D. Defendant's false and misleading emails to Plaintiffs and Class members violate CEMA and the CPA.

72. Washington's CEMA regulates deceptive email marketing. CEMA prohibits the sending of a commercial email that "[c]ontains false or misleading information in the subject line." RCW 19.190.020.

73. Violating this provision of CEMA also violates the CPA. RCW 19.190.030.



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

74. Advertising discounts in the subject line of a promotional email with a fake expiration date, fake reason, and fake discount violates CEMA and, accordingly, the CPA. *Brown v. Old Navy LLC*, 4 Wn.3d 580 (Wash. 2025).

75. Defendant's email advertisements contain subject lines that misstate the duration of its purported sales and misstate the discount that recipients would purportedly receive for purchasing during the sale. As a result, these promotional emails contain false or misleading information in the subject line, in violation of CEMA and the CPA.

76. As described in more detail above, Defendant sends these emails for the purpose of promoting its goods for sale and to drive sales. Because sales are important to consumers, Defendant's emails advertising its fake discounts with fake expiration dates cause reasonable consumers to make purchases when they otherwise would not.

77. Defendant intends to mislead recipients with its false and deceptive email subject lines that misstate the duration of its purported sales and misstate the discount that recipients would purportedly receive for purchasing during the sale. As set forth in greater detail above, the false belief that the Royal Caribbean Products are on sale for a limited time is important to recipients and causes recipients to be more likely to open the marketing emails, buy the Products, buy them quickly, and pay more for them. Defendant knows this and sends the false and deceptive emails for precisely this purpose—to mislead recipients into thinking that the Royal Caribbean Products are on sale for a limited time, so that they are more likely to buy the Products, buy them quickly, and/or pay more for them, which increases demand for Defendant's Products, drives sales, allows Defendant to charge more than it otherwise could for its Products, and ultimately increases Defendant's profits.

78. Based on the emails Defendant sent to Plaintiffs, Defendant has sent at least thousands of emails to Washington recipients, with similar false or misleading subject lines.

**V. Class action allegations.**

79. Plaintiffs bring the asserted claims on behalf of the proposed Class of Washington residents who received promotional emails from Royal Caribbean advertising sales or discounts on Royal Caribbean Products.

80. The following people are excluded from the proposed Class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

81. Plaintiffs reserve the right to amend the Class definition as discovery reveals additional emails containing false or misleading information in the subject line that Defendant sent or caused to be sent to email addresses held by Washington residents.

***Numerosity***

82. The proposed Class contains members so numerous that separate joinder of each member of the Class is impractical. There are at least thousands of members in the proposed Class.

83. Class members can be identified through Defendant's electronic mailing list.

***Existence of Common Questions***

84. There are questions of law and fact common to the proposed Class. Common questions of law and fact include, without limitation:

(1) whether Defendant's email subject lines regarding purported discounts are false or misleading;

(2) whether Defendant's email subject lines violate CEMA;

(3) whether Defendant's email subject lines violate the CPA;

(4) the greater of actual damages or statutory damages due to Plaintiffs and the proposed Class.

***Typicality & Adequacy***

85. Like members of the proposed Class, Plaintiffs received emails from Defendant advertising Royal Caribbean Products that contain false or misleading subject lines about Royal Caribbean's sales and discounts.



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

86. There are no conflicts of interest between Plaintiffs and the Class.

***Superiority***

87. A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of thousands of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

## VI. Claims.

**Count 1: Violations of Washington's Commercial Electronic Mail Act**

**(By Plaintiffs and the Class)**

88. Plaintiffs incorporate each and every factual allegation set forth above and below.

89. Plaintiffs bring this cause of action on behalf of themselves and members of the Class.

90. CEMA prohibits the sending of a commercial email that "[c]ontains false or misleading information in the subject line." RCW 19.190.020. Advertising fake discounts in the subject line of a promotional email, with fake time pressure and fake reasons, violates CEMA. *Brown v. Old Navy LLC*, 4 Wn.3d 580 (Wash. 2025).

91. Defendant is a "person" under CEMA. RCW 19.190.010(11).

92. As alleged more fully above, Defendant violated CEMA by initiating the transmission, conspiring with others to initiate the transmission, or assisting the transmission of commercial electronic mail messages that contained false or misleading information in the subject line to Plaintiffs' and Class members' electronic mail addresses.

93. Defendant's email subject lines stating the purported discount recipients will receive if recipients purchase during the sale are false and misleading because, as discussed above, consumers do not truly receive the discounts that Defendant advertises. Instead, because substantial discounts are almost always available for Defendant's Products, the purported discounts are illusory.

94. Defendant's email subject lines stating the supposed duration or purported reason (e.g., Black Friday) of its sales are false and misleading because, as discussed above, Defendant's sales are



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

almost always available and regularly go beyond the purported expiration date or special event reason of the sale.

95. As a result, these promotional emails contain false or misleading information in the subject line, in violation of CEMA.

96. Defendant sent emails to Plaintiffs and Class members for the purpose of promoting Royal Caribbean Products for sale.

97. Defendant knew or had reason to know that it initiated the transmission, conspired to initiate the transmission, or assisted in the transmission of such emails to email addresses held by Washington residents, including Plaintiffs.

98. Based on the emails Defendant sent to Plaintiffs, Defendant has sent at least thousands of emails to Washington recipients, with similar false or misleading subject lines.

99. Defendant's acts and omissions violated RCW 19.190.020(1)(b).

100. Defendant's acts and omissions injured Plaintiffs and members of the Class.

101. The balance of equities favors the entry of permanent injunctive relief against Defendant. Plaintiffs, the members of the Class, and the general public will be irreparably harmed absent the entry of permanent injunctive relief against Defendant. A permanent injunction against Defendant is in the public interest. Defendant's unlawful behavior is ongoing as of the date of the filing of this pleading, so without the entry of a permanent injunction, Defendant's unlawful behavior will not cease and, in the unlikely event that it voluntarily ceases, is likely to reoccur.

102. Plaintiffs and members of the Class are therefore entitled to injunctive relief in the form of an order enjoining further violations of RCW 19.190.020(1)(b).

**Count 2: Violations of the Washington Consumer Protection Act via misleading emails**

**(By Plaintiffs and the Class)**

103. Plaintiffs incorporate each and every factual allegation set forth above and below.

104. Plaintiffs bring this cause of action on behalf of themselves and members of the Class.

105. Plaintiffs and Class members are "persons" within the meaning of the CPA. RCW 19.86.010(1).


Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

106. As alleged above, Defendant violated CEMA by initiating the transmission, conspiring with others to initiate the transmission, or assisting the transmission of commercial electronic mail messages to Plaintiffs and Class members that contained false or misleading information in the subject line.

107. A violation of CEMA is a per se violation of the CPA. RCW 19.190.030(1).

108. A violation of CEMA establishes all elements of the CPA as a matter of law.

109. As alleged more fully above, Defendant's transmission of commercial electronic messages to Plaintiffs and Class members that contained false or misleading information in the subject line also violates the CPA because it constitutes unfair or deceptive practices that occur in trade or commerce.

***Unfair Acts or Practices***

110. As alleged in detail above, Defendant committed "unfair" acts by falsely stating in email subject lines that it was offering specified discounts off the regular prices of its Royal Caribbean Products and that those discounts would end on a specified date or after a specified event when none of this was true.

111. The harm to Plaintiffs and the Class greatly outweighs the public utility of Defendant's conduct. There is no public utility to misrepresenting whether Royal Caribbean Products are discounted and misrepresenting the duration of and reason for Defendant's sales. Plaintiffs and the Class's injuries were not outweighed by any countervailing benefits to consumers or competition. Misleading consumers only injures healthy competition and harms consumers.

***Deceptive Acts or Practices***

112. As alleged in detail above, Defendant's representations in email subject lines regarding the amount of discount that an email recipient could receive and the duration of the supposed sale were deceptive.

113. Defendant's representations were likely to deceive, and did deceive, Plaintiffs and other reasonable recipients. Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

114. Defendant's unfair or deceptive acts or practices vitally affect the public interest and thus impact the public interest for purposes of applying the CPA. RCW 19.190.030(3); RCW 19.190.100.

115. Defendant's acts and omissions caused injury to Plaintiffs and members of the Class. In addition, violations of CEMA establish the injury and causation elements of a CPA claim as a matter of law.

116. Under the CPA, "[p]rivate rights of action may … be maintained for recovery of actual damages, costs, and a reasonable attorney's fee. A private plaintiff may be eligible for treble damages," and "may obtain injunctive relief, even if the injunction would not directly affect the individual's own rights." Washington Pattern Jury Instruction Civil No. 310.00 (Consumer Protection Act—Introduction) (internal citations omitted); RCW 19.86.090.

117. Under the CPA, Plaintiffs and Class members are entitled to, and seek, the greater of actual damages and statutory damages of $500 per email that violates CEMA. In addition, Plaintiffs and members of the Class seek treble damages, which are permitted under the CPA, including for CEMA violations. Plaintiffs seek treble damages to further Plaintiffs' and Class members' financial rehabilitation, encourage citizens to bring CPA actions, deter Defendant and other persons from committing CEMA violations, and punish Defendant for its false and misleading advertising practices.

118. Plaintiffs and Class members are also entitled to, and seek, injunctive relief prohibiting Defendant's further violations of the CPA.

## VII. Jury Demand.

119. Plaintiffs demand the right to a jury trial on all claims so triable.

## VIII. Prayer for Relief.

120. Plaintiffs seek the following relief for themselves and the proposed Class:

- An order certifying the asserted claims, or issues raised, as a class action;
- A judgment in favor of Plaintiffs and the proposed Class;
- The greater of actual or statutory damages, treble damages, and punitive damages where applicable;
- Pre- and post-judgment interest;



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

- An injunction prohibiting Defendant's deceptive conduct, as allowed by law;
- Reasonable attorneys' fees and costs, as allowed by law;
- Any additional relief that the Court deems reasonable and just.

Dated: May 27, 2026

Respectfully submitted,

By: /s/ Jonas Jacobson

Jonas B. Jacobson (WA Bar No. 62890)
jonas@dovel.com
Simon Franzini (WA Bar No. 63689)
simon@dovel.com
Martin Brenner (Cal. Bar No. 333540) *pro hac vice*
martin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

Cody Hoesly (WA Bar No. 41190)
choesly@bargsinger.com
BARG SINGER HOESLY PC
121 SW Morrison St., Ste. 600
Portland, OR 97204
Ph. (503) 241-3311

*Counsel for Plaintiffs*